(No. 2219—

FREELY GRAEFF, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1935.*

ISAAC K. LEVY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Freely Graeff, the claimant, was employed by the State of Illinois in its Department of Public Works and Buildings, Division of Highways, and was on the 12th day of January, 1933, engaged in the work of maintaining a hard-surfaced public road known as State Bond Issue No. 13 between Carbondale and Vergennes, and was known as a maintenance helper. At or near Carbondale, at that time, the State maintained a Highway Department Garage, in which various road making and road repairing equipment were stored when not in use, and on the date hereinabove mentioned, the claimant was riding on a road grader which was being pulled by an auto truck, and after doing certain work on said Route 13,

this grader was being taken to the garage by the claimant and another employee. The blade of the grader came in contact with a part of a railroad crossing of the Illinois Central Railroad Company, which railroad crosses Route No. 2, a short distance south of the garage. The jerk occasioned by the blade coming in contact with some object on the railroad crossing, caused the claimant to be violently thrown to the ground and severely injured his back and spine and apparently he will be crippled for life.

Claimant had been paid at the rate of forty cents per hour or $21.60 per week, and had been earning that wage for the year preceding his injuries; he is forty-six years old; married and has a wife and one child under sixteen years of age with whom he resides and who are dependent upon him for support. Medical, surgical and hospital treatment were furnished him by the State prior to April 15, 1933, but no medical and surgical treatment has been furnished him since that time. He has received all told, the sum of $126.22.

The Attorney General says that there is no dispute as to the facts, the only dispute being as to the extent of the permanent disability.

On July 9, 1934, Dr. R. S. Sabine found that the claimant, in his then condition would not be able to perform manual labor that would require movement of the back and bending. On the same date, Dr. E. K. Ellis stated that in his opinion the claimant was not physically able to perform manual labor and did not think that he would be able to do any physical exertion in the future that would require the use of his back. Dr. B. F. Craine of Carbondale testified that he had seen the claimant right after the injury and that he was suffering from a bruised place and cut on the back of his head and his back was bruised, and that he had been taken to the Holden Hospital. After ten days or two weeks he went to Craine's office and Dr. Craine sent him to Dr. Ellis at Murphysboro, because it was more convenient for the claimant to go to Murphysboro than Carbondale. He found that the claimant had a chronic arthritis, kind of lipping over the processes.

There is ample testimony in the record to show that claimant is permanently injured and unable to do any work, and the claimant himself testified on July 17, 1934 that he observed no change whatever in his physical condition; that he has pains in the back and it hurts him to lean forward;

that if it was necessary for him to get anything off the floor, he would have to get down on his knees and then have something to pull himself up by; that he cannot stand but a few minutes on his feet and then he commences to tremble; that he suffers pain when he walks and when he lies down; that he cannot sleep on his side; that he cannot lie in one position very long; that he rests pretty good one or two nights a week; that he has a feeling like cold water running over his legs, starting about his hips; that he had not done a thing since the day he was injured; that he had had no trouble prior to his injury with his back and was able to do a full day's work of manual labor.

Dr. C. D. Nobles, Acting Assistant Managing Officer for the Anna State Hospital, made a report and stated that considering claimant's occupation, it appeared that he had a permanent disability; that the claimant could perform no duty which would require much walking, bending, or sitting long at a time; that the injury was questionable as to being total but was probable, but the partial disability will be continuous, and gave as his judgment that he was suffering a 60 to 70 per cent total disability, and that mental conditions may follow; that the claimant impressed him as being honest and fair.

From an examination of the record we conclude that claimant has been totally disabled; that under the Compensation Act he is entitled to $4,450.00, and a pension for life as provided by Statute. In a private employment, under the law, he would be entitled to 416 weeks on an average of $10.70 per week. From the time of the injury until August 2, 1935, if an appropriation is made pursuant to our recommendation, he will have coming to him $1,423.10 for 133 weeks, plus $9.50 for a part of a week, making a total of $1,432.60, leaving 282 weeks to be computed pursuant to law. This makes the sum of $2,787.18. This must be done because there is no way that weekly payments can be made owing to the fact that appropriations would lapse before entirely paid out. Deducting the sum of $126.22 which had been paid to him from the $1,432.60 which will be due as of August 2, 1935, when we estimate the appropriation, if made, will be paid to the claimant, leaves the sum of $1,306.38. Adding this to the sum computed, makes the sum of $4,093.56, which award we made and recommend that the Legislature make an appro-

priation for that sum payable to Freely Graeff; but we will continue this case on our docket for future consideration as to the pension in accordance with law.